SHAWANO CANNING COMPANY, Appellant, vs. DENGEL, Respondent.

*March 11—April 7, 1931.*

For the appellant there was a brief by *Eberlein & Larson* of Shawano, and oral argument by *M. G. Eberlein.*

For the respondent there was a brief by *Winter & Winter* of Shawano, and oral argument by *P. J. Winter.*

FAIRCHILD, J.  This is an action to enjoin the defendant from interfering with plaintiff's rights in an easement over the north ten feet of lots 1 and 2 in block 1 of Shanahan's addition to the village, now city, of Shawano.

It was stipulated on the trial that on April 30, 1915, the Emil T. Raddant Brewing Company was the owner of all of this block 1; that on that day it sold to plaintiff all of lots 5, 6, 7, and 8, excepting and reserving therefrom the south ten feet but conveying the right and privilege to at all times use the south ten feet of said lots 5, 6, 7, and 8 and the north ten feet of lots 1, 2, 3, and 4 of said block. This deed was duly recorded.  On January 15, 1918, the said Emil T. Raddant Brewing Company executed a warranty deed of lots 1 and 2 to the defendant.  This deed contains no exception of or reference to the easement granted to plaintiff.  Later and on September 30, 1919, this same grantor sold by warranty deed to the plaintiff all of lots 3 and 4 and the south ten feet of lots 5, 6, 7, and 8.

The court found that as part of the consideration and as one of the express covenants the said Emil T. Raddant Brewing Company granted to the plaintiff, the Shawano Canning Company, the right and privilege to use as an alley or highway at all times the south ten feet of lots 5, 6, 7, and 8 in said block 1 of Shanahan's addition and the north ten feet of lots 1, 2, 3, and 4 of block 1; and further found "that said plaintiff company on said date entered into pos-

session of said land and built a factory thereon and used said alley or highway over all said lots in said block 1 in accordance with the terms of said grant; and that on the 15th day of January, A. D. 1918, the defendant Frank Dengel, with knowledge of the rights of the plaintiff company, purchased from the Emil T. Raddant Brewing Company all of lots 1 and 2 of block No. 1 of Shanahan's addition to the village, now city, of Shawano, Wisconsin." It also found that the plaintiff has never relinquished or abandoned its rights over the ten feet of lots 1 and 2.

The defendant placed obstructions in the north ten feet of lots 1 and 2, claiming that the reservation of the right of way over those lots was in the grantor only and did not grant to the plaintiff an easement. The language used in these conveyances is simple and direct and gave the right to use as a way the north ten feet of lots 1 and 2. The plaintiff acquired all the rest of the property by purchase and has continued to use its easement granted to it in the original conveyance over the north ten feet of these two lots.

The record amply sustains the finding of the existence of the easement and there is no other conclusion to be drawn than that the easement exists. But for the following circumstances this case would fall within the class of cases to be affirmed without opinion: The court included in its findings, against the objection of both appellant and respondent, a finding that the strip of land consisting of the north ten feet of lots 1, 2, 3, and 4 and the south ten feet of lots 5, 6, 7, and 8 in said block 1, "by the terms of said deed given by the said Emil T. Raddant Brewing Company to the said plaintiff, wherein it gave the right and privilege to use as an alley or highway at all times, said strip, dedicated and established an alley or highway to be used by all persons that may have or acquire any interest in any land in said block numbered 1 adjoining said twenty-foot strip in question. That it was the intent of said Emil T. Raddant Brewing Com-

pany and the plaintiff Shawano Canning Company to establish, maintain, and dedicate said strip as an alley or highway through said block numbered one."

This was not among the issues raised by the pleadings, and while no motion was made to strike before judgment as a basis of appeal, the appellant and respondent unite in a request to have it stricken from the findings; and specific exceptions to such findings having been made, the court's attention having been thus called to the matter, and the findings not having been corrected, the appellant is entitled to the correction. *Cutter v. Greene,* 185 Wis. 163, 201 N. W. 373.

It is not necessary in this case to decide whether or not this finding would constitute "estoppel by record" if permitted to stand, but inasmuch as it purports to be a judicial interpretation of a deed suggesting the existence of a burden on the estate of appellant, it seems proper to grant the relief asked for.

The proper judgment having been granted by the trial court and the evidence sustaining the findings upon which appellant must rely for judgment in its favor, the judgment is affirmed and the record returned to the circuit court with directions to strike from the findings those portions interpreting the language of the deed to mean that the Emil T. Raddant Brewing Company intended to establish, maintain, and dedicate said strip as an alley or highway through said block numbered 1.

*By the Court.*—The record is returned with directions to amend the findings in accordance with this opinion; no costs to be taxed, but appellant to pay clerk's fees.